**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION**

FAITH M. JOHNSON                                                          PLAINTIFF

v.                      NO.  1:05CV00026 SWW/JWC

JO ANNE B. BARNHART,
Commissioner, Social
Security Administration                                         DEFENDANT

**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

**INSTRUCTIONS**

        This recommended disposition has been submitted to United States District Judge Susan Webber Wright.  The parties may file specific written objections to these findings and recommendations and must provide the factual or legal basis for each objection.  An original and two copies of the objections must be filed with the Clerk no later than eleven (11) days from the date of the findings and recommendations.  A copy must be served on the opposing party.  The District Judge, even in the absence of objections, may reject these proposed findings and recommendations in whole or in part.

**DISPOSITION**

        Plaintiff, Faith M. Johnson, has appealed the final decision of the Commissioner of the Social Security Administration to deny her claim for Supplemental Security Income, based on disability.  Both parties have submitted appeal briefs and the case is ready for decision.

        The Court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and free of legal error.  <u>Long v. Chater</u>, 108 F.3d 185, 187 (8th Cir. 1997); <u>see</u> <u>also</u>, 42 U.S.C. § 405(g).  Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  <u>Richardson v. Perales</u>, 402 U.S. 389, 401 (1971); <u>Reynolds v. Chater</u>, 82 F.3d 254, 257 (8th Cir. 1996).

        In assessing the substantiality of the evidence, the Court must consider evidence

that detracts from the Commissioner's decision as well as evidence that supports it; the Court may not, however, reverse the Commissioner's decision merely because substantial evidence would have supported an opposite decision. Sultan v. Barnhart, 368 F.3d 857, 863 (8th Cir. 2004); Woolf v. Shalala, 3 F.3d 1210, 1213 (8th Cir. 1993).

"Disability" is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). A "physical or mental impairment" is "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3).

Plaintiff originally alleged disability based on asthma, high blood pressure and allergies. (Tr. 71.) On her reconsideration request, she added that she had back problems that caused her pain all the time. (Tr. 85.) In a later questionnaire that she completed for her attorney, she added leg problems, depression and anxiety. (Tr. 99.) The Commissioner found that she was not disabled within the meaning of the Social Security Act. The only issue before this Court is whether the Commissioner's decision that Plaintiff was not disabled within the meaning of the Act is supported by substantial record evidence.

After conducting an administrative hearing, the Administrative Law Judge[1] (ALJ) concluded that Plaintiff had not been under a disability within the meaning of the Social Security Act at any time through September 10, 2004, the date of his decision. (Tr. 21.) On March 12, 2005, the Appeals Council denied Plaintiff's request for a review of the ALJ's decision, making the ALJ's decision the final decision of the Commissioner. (Tr. 4-6.) Plaintiff then filed her complaint initiating this appeal (docket entry #2).

After consideration of the record as a whole, the Court finds that the decision of the

---

[1]The Hon. Garry L. Brewer.

Commissioner is supported by substantial evidence.

Plaintiff was 27 years old at the time of the hearing. (Tr. 310, 313.) She completed the eighth grade in school. (Tr. 77, 310.) She has no past relevant work. (Tr. 13.)

The ALJ considered Plaintiff's impairments by way of the required five-step sequential evaluation process. The ALJ found that Plaintiff had not engaged in substantial gainful activity since her alleged onset date. (Tr. 20.) He found that Plaintiff had "severe" impairments, including asthma, hypertension, obesity, gastroesophageal reflux disease, anxiety, depression and mechanical musculoskeletal pain, but that she did not have an impairment or combination of impairments that met or equaled a Listing. Id. He judged that Plaintiff's subjective complaints were not credible to the extent alleged. (Tr. 21.)

The ALJ determined that Plaintiff retained the residual functional capacity for a reduced range of sedentary work. Id. He recognized that she had no past relevant work. Id. He applied Plaintiff's vocational profile and the residual functional capacity which he had found, and established that Rule 201.24, Table No. 1, Appendix 2, Subpart P, Regulations No. 4 would direct a finding of not disabled. Id. Because Plaintiff could not perform a full range of sedentary work, the ALJ used the rule as a framework for his decision, and, based upon the testimony of a vocational expert, found that there were a significant number of jobs in the economy which Plaintiff could perform, notwithstanding her limitations; for example, assembler. Consequently, the ALJ concluded that Plaintiff was not disabled. Id.

Plaintiff contends that the ALJ failed to properly discuss all of her impairments, such as obesity, bilateral carpal tunnel syndrome, depression and organic brain syndrome.[2] (Br. 30-48) There is no allegation, complaint or medical evidence of carpal tunnel syndrome. The ALJ specifically addressed Plaintiff's obesity. (Tr. 13, 14, 15, 17, 19, 20.) Although

---

[2] A constellation of behavioral or psychological signs and symptoms including problems with attention, concentration, memory, confusion, anxiety and depression caused by transient or permanent dysfunction of the brain. PDR Medical Dictionary 1762 (2d ed. 2000).

the opinion does not say "organic brain syndrome," the ALJ addressed her depression and anxiety at some length. (Tr. 12, 13, 15, 19, 20.) He also discussed the diagnosis of impaired brain functioning. (Tr. 16.)

The crux of Plaintiff's complaint is that the ALJ did not give greater weight to a residual functional capacity determination by Vann Smith, Ph.D. (Br. 30-31.) Residual functional capacity checklists, although admissible, are entitled to little weight in the evaluation of disability. Taylor v. Chater, 118 F.3d 1274, 1279 (8th Cir. 1997); see Cantrell v. Apfel, 231 F.3d 1104, 1107 (8th Cir. 2000)(discounting treating physician's two pages of checked boxes devoid of illuminating examples, descriptions or conclusions).

Dr. Smith, who saw Plaintiff once, at the behest of her attorney, tested her, found mental limitations and concluded that she was "mildly disabled at this time." (Tr. 296.) The ALJ considered Dr. Smith's opinion at some length, but gave it no weight because, among other reasons, he found that it was contradicted by the lack of similar diagnosis by Plaintiff's long-time treating physician, Kam Lie, M.D. (Tr. 16.) " . . . it is totally unreasonable that [Dr. Lie] would not have observed some evidence of impaired brain functioning at some point if the claimant is as limited as Dr. Smith asserts in his 'Mental Residual Functional Capacity Questionnaire'." Id.

Dr. Lie did treat Plaintiff for symptoms of depression and anxiety. For instance, on November 6, 2002, he prescribed Remeron.[3] (Tr. 241.) On November 27, 2002, Plaintiff reported that she was sleeping better, but still felt stressed. He increased her dosage. (Tr. 243.) When she was seen on December 10, she did not complain of stress. (Tr. 246.) On January 8, 2003, she complained that the Remeron was not working, so Dr. Lie changed her to Effexor.[4] (Tr. 248.) By January 20, 2003, Plaintiff reported "feeling much

---

[3]Indicated for the treatment of depression. Physicians' Desk Reference 2389-90 (58th ed. 2004).

[4]An antidepressant. Physicians' Desk Reference 3392 (57th ed. 2003).

better today." (Tr. 250.) She was encouraged to lose weight and increase activity, especially outdoors. Id. As the ALJ noted, Plaintiff stopped taking the Effexor when she became pregnant later in the year, yet she reported no increase in symptoms, even without medication. (Tr. 15, 19.) At the hearing, she indicated that she had not yet begun to take Effexor after her pregnancy. (Tr. 316.)

Plaintiff contends that Dr. Smith and Plaintiff's unnamed treating physician portray her as totally disabled. (Br. 58.) Dr. Smith is clearly not a treating physician, and Dr. Lie clearly is. However, Dr. Lie never made any statement even remotely suggesting that Plaintiff was disabled. What evidence to believe and what weight to give it is the prerogative of the fact-finder, within broad limits. Onstad v. Shalala, 999 F.2d 1232, 1234 (8th Cir. 1993). The ALJ's allotment of no weight to the opinion of Dr. Smith is supported by substantial evidence.

Plaintiff contends that the ALJ did not properly consider her subjective complaints. (Br. 50-51.) The ALJ evaluated Plaintiff's subjective complaints in light of Polaski v. Heckler, 739 F.2d 1320 (8th Cir. 1984) and Social Security Ruling 96-7p. (Tr. 17-19.)

> The absence of an objective medical basis which supports the degree of severity of subjective complaints alleged is just one factor to be considered in evaluating the credibility of the testimony and complaints. The adjudicator must give full consideration to all of the evidence presented relating to subjective complaints, including the claimant's prior work record, and observations by third parties and treating and examining physicians relating to such matters as:
>
>   1. the claimant's daily activities;
>
>   2. the duration, frequency and intensity of the pain;
>
>   3. precipitating and aggravating factors;
>
>   4. dosage, effectiveness and side effects of medication;
>
>   5. functional restrictions.
>
> The adjudicator is not free to accept or reject the claimant's subjective complaints solely on the basis of personal observations. Subjective complaints may be discounted if there are inconsistencies in the evidence as a whole.

5

Polaski v. Heckler, 739 F.2d 1320 at 1322 (8th Cir. 1984)(emphasis in original).

There is little objective support in the record for Plaintiff's claim of disability. No evaluations showed medical conditions that were disabling. Furthermore, inconsistencies between the medical evidence and Plaintiff's subjective complaints gave reason to discount those complaints. Richmond v. Shalala, 23 F.3d 1141, 1443 (8th Cir. 1994).

Given the inconsistencies in Plaintiff's statements, the lack of medical evidence in support of Plaintiff's allegations, the type of medications taken, Plaintiff's daily activities, her poor work record, her functional capabilities and the lack of greater restriction placed on Plaintiff by her physicians,[5] the ALJ could rightly discount Plaintiff's subjective complaints. See, e.g., Dunahoo v. Apfel, 241 F.3d 1033, 1038 (8th Cir. 2001) (ALJ may discount complaints inconsistent with the evidence as a whole); Dodson v. Chater, 101 F.3d 533, 534 (8th Cir. 1996)(after full consideration of all evidence relating to subjective complaints, ALJ may discount complaints if there are inconsistencies in evidence as a whole).

In January 2004, Plaintiff was evaluated by Charles D. Varela, orthopaedist. (Tr. 297-300.) Her range of motion was normal throughout. (Tr. 299.) He completed a Medical Assessment of Ability to Perform Work-related Activities (Physical) and noted no restrictions. (Tr. 300.) He concluded, "On exam today, I cannot find objective evidence for work restrictions or impairment recommendation as for the most part her exam was normal." (Tr. 298.)

Also in January 2004, Plaintiff underwent a general physical examination by Marcelino C. Belizario, M.D. (Tr. 301-03.) He found no active synovitis on any joint examined. (Tr. 302.) She had accent weighted lumbar lordosis. However, range of motion of all peripheral and axial joints was otherwise full. Id. She was able to heel and

---

[5]The only physical restriction noted was a one-week restriction on lifting with her back assigned by an advanced practices nurse associated with Dr. Lie in June of 2001. (Tr. 199.)

toe walk without problem; arising from a squatting position was difficult. Id. Gait was normal. Id. He completed a Medical Assessment of Ability to Perform Work-related Activities (Physical). (Tr. 303.) He offered his opinion that she could occasionally lift 20 pounds and frequently lift ten. Id. He thought she could sit one hour in an eight-hour workday and stand and/or walk two. Id. The ALJ noted Dr. Belizario's limitation on sitting and standing/walking, but observed that there was no reason given for those limitations and no findings in his report that would support such limitations. (Tr. 15.)

Although Plaintiff testified that she could sit continuously for one hour (Tr. 321) and stand only 30 minutes to one hour in a day (Tr. 320-21), she was involved in several activities that seem incongruous with such a limited lifestyle. In September 2001, she was injured in a four-wheeler accident. (Tr. 186.) In July 2002, she was injured on a roller coaster. (Tr. 159.) In August 2003, she indicated that she had been camping the previous weekend. (Tr. 268.) The ALJ noted, "It is not reasonable to conclude that the claimant only participates in such activities when she gets injured." (Tr. 18.)

In a Disability Supplemental Interview Outline dated October 17, 2001 (Tr. 84), Plaintiff indicated that she groomed without assistance; did laundry and dishes, changed sheets, vacuumed/swept, took out the trash, washed her car, raked leaves and worked in the garden; she shopped for groceries and clothes and completed postal and banking errands (Tr. 80); she prepared meals, including sandwiches, frozen dinners, meats, vegetables and dishes that required recipes; paid bills, used a checkbook and counted change; drove; watched television, listened to the radio, visited friends and relatives, colored posters and planted flowers (Tr. 81).

Plaintiff engaged in extensive daily activities, which is inconsistent with the level of pain and limitation alleged. See Pelkey v. Barnhart, 433 F.3d 575, 578 (8th Cir. 2006)(plaintiff performed household chores, mowed the lawn, raked leaves, shopped for groceries and drove a car); Forte v. Barnhart, 377 F.3d 892, 896 (8th Cir. 2004)(plaintiff

7

attended college classes and church, shopped for groceries, ran errands, cooked, drove, walked for exercise and visited friends and relatives); Haley v. Massanari, 258 F.3d 742, 48 (8th Cir. 2001)(plaintiff took care of personal needs, washed dishes, changed sheets, vacuumed, washed cars, shopped, cooked, paid bills, drove, attended church, watched television, listened to radio, read and visited friends and relatives); Gray v. Apfel, 192 F.3d 799, 804 (8th Cir. 1999)(plaintiff cared for himself, did household chores, drove short distance, performed other miscellaneous activities); Haggard v. Apfel, 175 F.3d 591, 594 (8th Cir. 1999)(plaintiff cooked some meals, watered flowers around house, helped wife paint, watched television, went out for dinner, occasionally drove and occasionally visited with friends); Lawrence v. Chater, 107 F.3d 674, 676 (8th Cir. 1997)(plaintiff dressed and bathed herself, did some housework, cooking and shopping); Pena v. Chater, 76 F.3d 906, 908 (8th Cir. 1995)(daily caring for one child, driving when unable to find ride and sometimes going to grocery); Nguyen v. Chater, 75 F.3d 429, 431 (8th Cir. 1995)(visiting neighbors, cooking own meals, doing own laundry and attending church); Novotny v. Chater, 72 F.3d 669, 671 (8th Cir. 1995)(carrying out garbage, carrying grocery bags, driving wife to and from work inconsistent with extreme, disabling pain); Shannon v. Chater, 54 F.3d 484, 487 (8th Cir. 1995)(plaintiff cooked breakfast, "sometimes" needed help with household cleaning and other chores, visited friends and relatives and attended church twice a month); Woolf v. Shalala, 3 F.3d 1210, 1213 (8th Cir. 1993)(plaintiff lived alone, drove, shopped for groceries and did housework with some help from neighbor).

It is not the task of this Court to review the evidence and make an independent decision.  Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts his findings.  The test is whether there is substantial evidence in the record as a whole which supports the decision of the ALJ.  E.g., Mapes v. Chater, 82 F.3d 259, 262 (8th Cir. 1996); Pratt v. Sullivan, 956 F.2d 830, 833 (8th Cir. 1992).

There is ample evidence in the record as a whole that "a reasonable mind might

accept as adequate to support [the] conclusion" of the ALJ in this case.  <u>Richardson v. Perales</u>, 402 U.S. at 401; <u>see also</u> <u>Reutter v. Barnhart</u>, 372 F.3d 946, 950 (8th Cir. 2004). The Commissioner's decision is not based on legal error.

    THEREFORE, IT IS RECOMMENDED that the final determination of the Commissioner be affirmed and that Plaintiff's complaint be dismissed with prejudice.

    DATED this 30th day of May, 2006.

                                                       _____
                                                       UNITED STATES MAGISTRATE JUDGE